IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WAYNE COKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-24-147-R |
| GOVERNOR KEVIN STITT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The undersigned has reviewed Plaintiff's complaint and finds an investigation and Special Report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). In compliance with the guidelines set out in *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (per curiam), the undersigned orders:

(1) Officials responsible for the **Lexington Assessment and Reception Center**[1] operation shall review the complaint's subject matter to:

(a) ascertain the facts and circumstances underlying Plaintiff's claims, including any administrative relief attempts;

(b) consider whether the institution or other appropriate officials should take any action to resolve Plaintiff's claims; and

(c) determine whether prior related complaints, either pending in this court or elsewhere, should be considered together with this complaint.

---

[1] The court clerk is instructed to mail: (1) this order to the named institution, and (2) the court's local rules to Plaintiff.

(2) Following the review's completion, officials shall compile a written Special Report setting forth the findings. The Special Report shall restate in separate paragraphs the complaint's allegations and any pertinent information discovered during the review. Whenever appropriate, officials shall include medical and/or psychiatric records. Likewise, officials shall include any rules and regulations pertinent to the complaint's subject matter.

(3) The Special Report is due no later than sixty days from the date on which the first Defendant is served. If a Defendant agrees to waive service, the date on which the waiver form is sent shall be considered the date of service. *See* Fed. R. Civ. P. 4(d)(3).

(4) Defendants shall file an answer and/or dispositive motion to the complaint, and shall not waive filing an appropriate response under 42 U.S.C. § 1997e(g). Defendant(s) shall not file the answer and/or dispositive motion until ten (10) days following the filing of the Special Report.

(5) A party who opposes a motion must file a response within twenty-one days after the motion is filed. LCvR7.1(g). Failure to respond to a motion within that time period may result in the court deeming the motion confessed. A party opposing a motion for extension of time shall file an objection within seven days after the motion is filed.

(6) The undersigned notifies all parties that if Defendants file a Fed. R. Civ. P. 12(b)(6) motion and rely on materials not attached to or incorporated by reference in the complaint, the court will convert the motion to dismiss into a motion for summary judgment.

(7) The undersigned will not consider any applications, motions, or discovery requests relating to the complaint's merits until officials have filed the Special Report, except as the court may otherwise order.

(8) Plaintiff must serve this order, the complaint, and a summons on each Defendant in accordance with Fed. R. Civ. P. 4. The court clerk shall send Plaintiff the necessary service papers. Plaintiff must complete the forms, and, within twenty days from this order's date, furnish those papers to the court clerk for processing and

issuance. Because Plaintiff has been granted in forma pauperis status, he must also provide the court clerk with sufficient copies of the complaint so the United States Marshals Service may attempt service on each Defendant. Service must be complete within ninety days from this order's date; failure to achieve service within that time frame could result in the court dismissing the action.

**SO ORDERED** this 14th day of May, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE