UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WAYNE COKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-24-147-R |
| | ) |
| GOVERNOR KEVIN STITT, et al. | ) |
| | ) |
|     Defendants. | ) |

## ORDER

    Plaintiff David Wayne Coker, a prisoner proceeding pro se, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against Defendants Governor Kevin Stitt and Warden Kameron Harvanek, among others. Defendant Harvanek moved to dismiss the claims for money damages asserted against him in his official capacity [Doc. No. 47]. The Motion was referred to United States Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell issued a Report and Recommendation [Doc. No. 69] recommending dismissal of the claim against Defendant Harvanek based on sovereign immunity. Doc. No. 69 at p. 6.

    Plaintiff objected to the Report and Recommendation [Doc. No. 72], disputing the application of sovereign immunity and findings related to exhaustion of administrative remedies. Because Judge Mitchell's recommended disposition is based solely upon the doctrine of sovereign immunity, only Plaintiff's objections to that finding are pertinent. These objections contend that sovereign immunity is inapplicable because Defendant Harvanek had final policy-making authority, his conduct was objectively unreasonable

1

such that he violated a clearly established constitutional right, and he faced liability for the acts of his subordinates under the doctrine of *respondeat superior*. He does not address the listing of Defendant Harvanek only in his official capacity in his Complaint. The Court agrees with Judge Mitchell.

"Obviously, state officials are literally persons. But a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). Actions in federal court against States and state officers sued in their official capacities for money damages are barred by the Eleventh Amendment. *See, e.g., Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar that precludes uncontested suits in federal court against a state and arms of the state." (internal quotation marks omitted)); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that a suit against an individual acting in an official capacity is properly treated as a suit against the State itself and "the Eleventh Amendment bars a damages action against a State in federal court"); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding that Eleventh Amendment sovereign immunity barred § 1983 claims "for money damages" against prison officials in their official capacities). "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (citations and quotation marks omitted). "[T]he party asserting jurisdiction has the burden of overcoming a

sovereign immunity defense." *Id*. at 1228 (citing *Sydnes v. United States*, 523 F.3d 1179, 1183 (10th Cir. 2008).

Here, the face of Plaintiff's Complaint forecloses his claim against Defendant Harvanek. He names Defendant Harvanek in his official capacity only [Doc. No. 1-1 at p. 2]. Accordingly, despite Plaintiff's arguments regarding Defendant Harvanek's final policy-making authority, *respondeat superior* liability, and violations of "clearly established" constitutional rights, Plaintiff effectively sued the State of Oklahoma when he named Defendant Harvanek in his official capacity only. And as Judge Mitchell noted, Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B). Judge Mitchell similarly observed that Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *See Muscogee (Creek) Nation*, 611 F.3d at 1227 (10th Cir. 2010). Thus, this Court does not have jurisdiction to hear Plaintiff's claims against Defendant Harvanek in his official capacity under the Eleventh Amendment.

Therefore, the Report and Recommendation is ADOPTED in its entirety and Defendant Harvanek's Motion is GRANTED.

IT IS SO ORDERED this 31st day of December, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE